NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ISABEL CAMPOS-JOVEL and JOSE ALEJANDRO MARIN-CAMPOS,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  19-72545<br><br>Agency Nos.  A208-281-189<br>A208-281-190<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2022[**]
San Francisco, California

Before: O'SCANNLAIN and BUMATAY, Circuit Judges, and BAKER,[***] International Trade Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Maria Isabel Campos-Jovel and her son, Jose Alejandro Marin-Campos, petition for review of a Board of Immigration Appeals (BIA) decision dismissing their appeal from the order of an Immigration Judge (IJ) denying their application for asylum and withholding of removal and protection under the Convention Against Torture (CAT).[1]

We "review the BIA's denials of asylum, withholding of removal, and CAT relief for 'substantial evidence' " and will reverse only if the evidence *compels* a contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part.

Petitioners contend the BIA and IJ erred by finding that Petitioners failed to show a nexus between any persecution they faced and a protected ground. Before the BIA, Petitioners argued that they faced or will face persecution based on their political opinion and membership in the particular social group of "family." The BIA agreed with the IJ that there was no nexus between any persecution and a protected ground.

Substantial evidence supports the BIA's determination. As to the claim based on political opinion, Petitioners do not challenge the BIA's nexus determination and that issue is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.

---

[1] Petitioners did not appeal the denial of CAT relief to the BIA. The BIA deemed that claim abandoned.

1996). As to the particular social group of "family," the BIA noted that there was no evidence that gang members harassed Marin-Campos based on familial ties. Rather, the BIA affirmed the IJ's finding that the gang members harassed Marin-Campos because they wanted him to join their gang. In fact, the IJ noted that Marin-Campos testified that other individuals were recruited to be gang members, women were recruited to be girlfriends of gang members, and others were extorted for money.

As to Campos-Jovel, the BIA similarly cited the IJ's analysis that the gang targeted her to recruit her son into the gang. Petitioners also refer to gangs murdering two of Campos-Jovel's nephews elsewhere in El Salvador, but nothing in the record establishes that the gang members who harassed Petitioners were the same ones who murdered the nephews. Since the BIA's nexus determination is supported by the record, Petitioners' claims for asylum and withholding of removal must necessarily fail. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–59 (9th Cir. 2017) (recognizing that nexus is a required element for asylum and withholding of removal claims).

Further, Petitioners appear to argue on appeal that they were persecuted by gang members on account of their membership in two other particular social groups: (1) "Salvadorans who oppose gang recruitment" and (2) "witnesses who testify against gang members in El Salvador." But because Petitioners' BIA brief did not raise these particular social groups, they are unexhausted and we lack jurisdiction to consider them. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc)

3

(per curiam) (holding that if a petitioner files a brief with the BIA, he will be "deemed to have exhausted only those issues he raised and argued in his brief before the BIA").

Petitioners also raise two other arguments. First, they argue the BIA erred in affirming the IJ's finding that Petitioners failed to establish past persecution. Second, they argue the BIA erred in finding that Petitioners failed to show that their "family" particular social group was cognizable. We need not address these issues since the BIA's determination on nexus is dispositive of Petitioners' claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DISMISSED IN PART AND DENIED IN PART.**